Brewer, Circuit Judge.
This case was before us last spring upon an application for a preliminary mandatory injunction. That application was refused. 38 Fed. Rep. 58. The case is now presented on pleadings and proof for final hearing. "We intimated in the opinion then filed that the limit of right under the city ordinance, as against the defendant, was that portion of the track through the city limits to which the right of way had been given by ordinance. After the very careful, elaborate arguments by counsel on both sides, the intimation then given has strengthened into conviction. As noticed then, there were two ordinances. The first provided that, upon conditions named, other railroad companies should have the right “to run their ears, locomotives, and trains over and upon the said St. Joseph & Council Bluffs Railroad.” And the second, passed four days thereafter, added these four wordsi “ Within such city limits.” The ordinance gave the right of way down to George alley. This right was given in relinquishment of a subscrip *179 tion, and accompanied by an obligation to pay certain damages by the city. Now, as then stated, it is familiar law that all contracts are to be interpreted in the light of surrounding facts, and general words and expressions may often be limited thereby. Nash v. Tovme, 5 Wall. 689; Merriam v. U. S., 107 U. S. 437, 2 Sup. Ct. Rep. 536. The St. Joseph & Council Bluffs Company was organized with a view of building a road from Council Bluffs to St. Joseph. The city, by the first ordinance, gave it the right to enter the city, and come as far as George alley, with a proviso that other companies might use its road. Obviously, the natural interpretation of that was the whole which it was chartered to build. The second ordinance was unquestionably a limitation, and clearly reduced the right of use from the entire line to that part within the city limits. As from George alley northward was all of the road within the city limits contemplated, was all to which the right of way was given, was expressly the subject-matter of the ordinance, the provision for use had reference to that portion. It would be strange if the parties contracting for a limited right of way could be understood as having in view other lines of road, and different rights of way, to be acquired under subsequent ordinances or subsequent legislations, or from consolidation with companies having other and different rights.* General words and expressions in contracts and statutes are almost always considered as limited by special words and expressions, and that which is obviously in the thought of parties the subject-matter of a contract is not to be broadened by mere general expressions, unless, from the language and surrounding circumstances, it seems imperative that it be so broadened.
As I suggested in the former opinion, suppose, instead of being a mere matter of city ordinance, the legislature had, in granting this charter to build the road from St. Joseph to Council Bluffs, burdened it with the provision that other roads should have the privilege of using that portion of the track within the state of Missouri, would not that burden be limited to the track which, by that legislation, it was authorized to build ? And if subsequently the company received power to build from St. Joseph to St. Louis, could it be fairly contended that this new road, built under a new grant of power, was burdened with the same obligation which rested upon the track northward from St. Joseph to the state line? The more I have reflected on this, the more strongly am I convinced that the burden assumed was limited to the right given, and that all that was meant by the addition of the words “ within said city limits ” was to reduce the burden from the entire line to that portion of the road within the city limits to which the right of way was by the ordinance given. At any rate, the meaning is doubtful, and equity does not enforce the specific performance of contracts whose terms and obligations are uncertain and doubtful. With reference to that portion of the road down to George alley, it seems to me immaterial that there was in the beginning but one track, and that that is now so occupied that it would not be safe to permit its use by another company. The defendant has built other tracks on that right of way, and there is no question under the testimony but that some of these tracks might be safely used by the *180 complainant without prejudice to the business of the defendant. In the case of Central Trust Co. v. Wabash, St. L. & P. Ry. Co., 29 Fed. Rep. 546, I considered at some length the power of a court of equity in case of a contract of this kind, and I have nothing to add to what I there said. I think a court has power to enforce a contract between parties of the same nature as those which we know, as a matter of general knowledge, railroad companies are constantly making and keeping. A decree will therefore be entered decreeing to complainant the right to use the track of the defendant from the northern limits of the city down as far as George alley; the balance of relief claimed by complainant will be denied; the costs will be divided.